IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Nottingham, : 
             Petitioner : 
  : 
             v. :    No. 1404 C.D. 2023
  : 
Marshall, Dennehey, Warner, :    Submitted: June 3, 2025
Coleman & Goggin, P.C. (Office of : 
Open Records), : 
             Respondent : 

***OPINION NOT REPORTED***

MEMORANDUM OPINION
PER CURIAM                                 FILED: July 15, 2025

      James Nottingham (Requester), *pro se*, petitions for review of the November 1, 2023 Final Determination of the Office of Open Records (OOR), which dismissed Requester's appeal from the denial of his Right-to-Know Law (RTKL)[1] request submitted to the law firm Marshall, Dennehey, Warner, Coleman & Goggin, P.C. (Marshall Dennehey). The OOR concluded that it was without jurisdiction to consider Requester's appeal because Marshall Dennehey was neither a Commonwealth agency nor a local agency subject to the RTKL's disclosure requirements.

      Upon review, we affirm.

## I.    FACTS AND PROCEDURAL HISTORY

      On September 9, 2023, Requester submitted a RTKL request to Marshall Dennehey at its office located at 2000 Market Street, Suite 2300, Philadelphia, Pennsylvania, 17103 (Request). Therein, Requester directed:

> Please Produce client William Miele, Esquire Escrow
> Account From case No. 1999-20583 (Lycoming County)

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

> James Edward Nottingham v. Pamela Sue Nottingham to
> include the Court Rules and Procedural Policy for attorney
> theft of clients award.

(OOR Ex. 1, p. 006). There is no written response to the Request from Marshall Dennehey in the record, and the parties' briefs likewise do not indicate whether Marshall Dennehey responded to the Request. Nevertheless, on October 27, 2023, Requester appealed to the OOR from what he contended was the deemed denial of the Request. (OOR Ex. 1, p. 002, 007.) Because it does not materially affect our disposition, we assume herein that the Request was deemed denied by operation of law pursuant to Section 901 of the RTKL, 65 P.S. § 67.901.

The OOR issued its Final Determination on November 1, 2023. Therein, the OOR concluded that, because Marshall Dennehey was neither a "local agency" nor a "Commonwealth agency" as those terms are defined in Section 102 of the RTKL, 65 P.S. § 67.102, it lacked jurisdiction over the appeal, which it accordingly dismissed. (OOR Ex. 2, at 002.) The OOR notified Requester that he could "petition for review to a court with competent jurisdiction" within 30 days. *Id.* (citing Sections 1301(a), 1302(a) of the RTKL, 65 P.S. §§ 67.1301(a), 67.1302(a)).

Requester filed a petition for review in this Court on November 8, 2023, challenging the OOR's determination that the Request did not seek records from a Commonwealth agency. (Petition for Review at 2-3) (unpaginated).

## II.     DISCUSSION

Initially, we note that Requester presents two issues[2] in his brief, neither of which relate to the Request or his appeal to or from the OOR. Rather, Requester

---

[2] Our review of OOR decisions concerning Commonwealth agencies is *de novo* and of the broadest scope. *Pennsylvania Office of the Governor v. Brelje*, 312 A.3d 928, 932 (Pa. Cmwlth. 2024) (citing, in part, Section 1301 of the RTKL, 65 P.S. § 67.1301). Although the courts of **(Footnote continued on next page…)**

2

contends that (1) Marshall Dennehey is liable for the conspired theft of $40,000 awarded in an unrelated court proceeding; and (2) Marshall Dennehey should be punished for its illegal actions in this regard. (Requester's Br. at 6.) In his Statement of the Case, Requester details events that occurred during the litigation of his divorce case, in which he was represented by Attorney William Miele. Attorney Miele then retained Marshall Dennehey in what appears to have been a professional misconduct action initiated by Requester. *Id.* at 7; OOR Ex. 1, p. 008. Requester goes on to argue in his brief that Marshall Dennehey is a Commonwealth agency subject to the RTKL, but gives no reasons in support. (Requester's Br. at 9.)[3]

The RTKL applies to and establishes certain disclosure requirements regarding records in the possession of Commonwealth, legislative, judicial, and local agencies as those terms are defined in Section 102 of the RTKL, 65 P.S. § 67.102. *See also* Sections 301 to 305 of the RTKL, 65 P.S. §§ 67.301-305 (establishing disclosure requirements and presumptions for each type of agency). Section 506(d)(1) of the RTKL further provides that, in certain circumstances,

---

common pleas typically exercise such review with regard to OOR decisions concerning local agencies, *see* Section 1302 of the RTKL, 65 P.S. § 1302, here the OOR concluded both that Marshall Dennehey was neither a Commonwealth agency nor a local agency subject to the RTKL. In both his Petition for Review and brief, Nottingham challenges only the OOR's determination that Marshall Dennehey is not a Commonwealth agency. We review that portion of the OOR's determination pursuant to our broad, *de novo* standard and scope of review.

[3] In his Petition for Review, Requester contends that Marshall Dennehey is a Commonwealth agency because the lawyers that work for the firm are court officers who are licensed by the Commonwealth. (Petition for Review at 3) (unpaginated). He also contends that his appeal actually involves the "Office of Judicial Records" and not Marshall Dennehey directly. *Id.* Neither of these arguments are developed in Requester's brief and, therefore, are waived. Even if not waived, they are meritless. The fact that lawyers who are licensed by the Commonwealth work for a particular entity does not transform that entity into a Commonwealth agency. Further, it is clear that the Request was submitted directly to Marshall Dennehey and sought escrow records from an individual attorney at the firm. The Request was not submitted to any office of judicial records, which, in any event, would not possess private escrow records.

records in the possession of nonagency entities may be deemed to be in the possession of agencies if certain requirements are met. 65 P.S. § 67.506(d)(1) (a record in the possession of "a party with whom the agency has contracted to perform a governmental function on behalf of the agency, and which directly relates to the governmental function and is not exempt under this act, shall be considered a public record of the agency . . . .").

Pursuant to Section 503(a) of the RTKL, 65 P.S. § 67.503(a), the OOR considers appeals from decisions regarding RTKL requests submitted to Commonwealth and local agencies. "Commonwealth agency" is defined, in pertinent part, as "[a]ny office, department, authority, board, multistate agency or commission of the executive branch, an independent agency and a State-affiliated entity." 65 P.S. § 67.102. "Local agency" is defined as any "political subdivision, intermediate unit, charter school, cyber charter school, or public trade or vocational school," or any "local, intergovernmental, regional or municipal agency, authority, council, board, commission, or similar governmental entity." *Id.*

Requester here submitted the Request to Marshall Dennehey, whom the OOR concluded is neither a Commonwealth nor local agency subject to the RTKL. We agree. There are no facts in the record establishing that Marshall Dennehey is a Commonwealth agency subject to the disclosure requirements of the RTKL. There further are no facts establishing that Marshall Dennehey contracted with any Commonwealth agency to perform a government function or that the requested records relate to such a function. The OOR therefore correctly determined that

4

Marshall Dennehey was not subject to the RTKL's disclosure requirements, and we accordingly affirm its Final Determination.[4]

---

[4] Although the OOR concluded that it was without "jurisdiction" over Requester's appeal, the OOR does have jurisdiction in the first instance to adjudicate whether a party (here, Marshall Dennehey) who receives a RTKL request is an agency subject to the RTKL's disclosure requirements.

Thus, the more appropriate disposition would have been for the OOR to deny Requester's appeal because the Request sought documents from a party who is not subject to the RTKL. *See, e.g.*, *In re: Right to Know Law Request Served on Venango County's Tourism Promotion Agency and Lead Economic Development Agency*, 83 A.3d 1101, 1103-04 (Pa. Cmwlth. 2014). Nevertheless, because the OOR's conclusions were correct, this minor discrepancy in verbiage does not alter our disposition.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Nottingham,                          :
                Petitioner                :
                                            :
                 v.                        :     No. 1404 C.D. 2023
                                            :
Marshall, Dennehey, Warner,                :
Coleman & Goggin, P.C. (Office of          :
Open Records),                             :
                Respondent                :

**_PER CURIAM_**                            **_ORDER_**

        AND NOW, this 15th day of July, 2025, the November 1, 2023 Final

Determination of the Office of Open Records is hereby AFFIRMED.